IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ISAAC LEE WOODS,**

        **Petitioner,**

   **v.**                                      **CIVIL ACTION NO. 2:09cv23**
                                                           **(Judge Maxwell)**

**WARDEN JOEL J. ZIEGLER,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09. On February 6, 2009, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. On February 20, 2009, the petitioner paid the $5.00 filing fee.

### I. PETITION

The petitioner alleges that he that he is being unlawfully detained in Disciplinary Segregation in the Special Housing Unit ("SHU") without being charged with any violation of prison regulations. In addition, the petitioner alleges that as a result of his confinement in the SHU, he is being denied access to the law library, typewriter, copy machine, and his personal legal materials and books. Finally, he alleges that condition in the SHU are inhumane. As relief, he is seeking an order from this court that he released from the SHU and returned to the general population. He also seeks an injunction to prevent the warden and staff at FCI Morgantown from placing him back in the SHU. In addition, he wants immediate access to the law library, typewriter, and his legal records and materials. He also asks that the SHU be closed due its inhumane and unsanitary conditions. Finally,

he wants medical care for his injured eye, high blood pressure and a special medical diet.

## II. ANALYSIS

The petitioner is not entitled to any relief under §2241 because he is not challenging the legality of his custody and does not seek the immediate or speedier release from imprisonment. Rather, he is challenging the conditions of his confinement or a violation of his civil rights, and these are not claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1] and pay the $350.00 filing fee.

## III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DISMISSED** without prejudice to the respondent's right to file a Bivens action and that his pending Motion to Expedite Ruling (Doc. 3) and Motion to serve respondent (Doc. 6) each be **DENIED AS MOOT**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District

---

[1] In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under §1983.

Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 3-3-09

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE