# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ISAAC LEE WOODS,**

    **Petitioner,**

v.                                                                                           **2:09 CV 23**
                                                                                               **(Maxwell)**

**WARDEN JOEL J. ZIEGLER,**

    **Respondent.**

## ORDER

It will be recalled that on February 6, 2009, *pro se* Petitioner Isaac Lee Woods instituted the above-styled civil action by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.

It will further be recalled that the case was referred to United States Magistrate Judge David J. Joel in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

On March 3, 2009, Magistrate Judge Joel entered a Report And Recommendation wherein he recommended that the Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 be dismissed without prejudice to the Petitioner's[1] right to file a Bivens action and that the remaining pending Motions herein be denied as moot.

In his Report And Recommendation, Magistrate Judge Joel provided the parties with ten (10) days from the date of said Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would

---

[1] In the first paragraph of Part III of Magistrate Judge Joe's Report And Recommendation, he recommends that the Petitioner's § 2241 Petition be dismissed without prejudice to the Respondent's right to file a Bivens action. The reference there to the Respondent rather than to the Petitioner was clearly a mere typographical error.

result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Petitioner's Objections to Magistrate Judge Joel's Report And Recommendation were filed on March 10, 2009, along with a Motion To Amend.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

As previously noted, on March 10, 2009, the Petitioner filed Objections to Magistrate Judge Joel's Report And Recommendation along with a Motion To Amend. Essentially, both the Petitioner's Objections and his Motion To Amend seek leave of the Court to substitute a Bivens action in place of the § 2241 action that he filed. The Court finds that it would be inappropriate to permit the Petitioner to amend the instant § 2241 action to substitute a Bivens action. Richmond v. Scibana, 387 F.3d 602, 606 (7th Cir. 2004) (a petition for habeas corpus may not be "converted to a civil action, nor may district judges convert suits in the other direction); Gregory v. Outlaw, 2005 WL 2114051 (W.D. Tenn. 2005) (a court confronted with a habeas petition that is properly brought under § 1983 or Bivens should dismiss the petition rather than "converting" it to a § 1983 or Bivens action.) Furthermore, it must be remembered that the recommended dismissal of this habeas corpus action would be without prejudice and that there would not, accordingly, be any negative repercussions to requiring the

2

Petitioner to file an entirely new Bivens action.

The Court, being of the opinion that Magistrate Judge Joel's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge Joel on March 3, 2009 (Docket No. 8), be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be, and the same is hereby, **DENIED and DISMISSED**, **without prejudice** to the Petitioner's right to file a Bivens action. It is further

**ORDERED** that the following Motions filed by the Petitioner be, and the same are hereby, **DENIED as moot**:

1. Motion To Expedite Ruling On Habeas Corpus 28 U.S.C. § 2241 (Docket No. 3);
2. Motion To Serve Respondent With Copy Of Application For Habeas Corpus Dated 2.2.09 (Docket No. 6); and
3. Petitioner's Motion To Amend and Motion For Extension Of Time To File (Docket No. 10).

It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent. It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court,

written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner and to counsel of record in the above-styled civil action.

**ENTER:** September   21  , 2009

/S/ **Robert E. Maxwell**
United States District Judge